# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. RADABAUGH, and <br> MARIAN D. RADABAUGH <br><br> Plaintiffs, <br><br> vs. <br><br> OHIO CASUALTY INSURANCE <br> COMPANY, <br><br> Defendant. | Judge Nora Barry Fischer <br> Civil Action No. 11-708 |

## MEMORANDUM OPINION

Pending before the Court is Defendant Ohio Casualty Insurance Company's ("OCIC") "Motion for Reconsideration of Remand Order." (Docket No. [9]). Plaintiffs James and Marian Radabaugh (collectively, the "Radabaughs") have filed a responsive brief. (Docket No. 10). For the following reasons, OCIC's motion [9] is DENIED and the Court's original Remand Order shall stand.

**I.  Background**

This civil action was commenced in state court on April 28, 2011. (Docket No. 1 at ¶ 1). On May 27, 2011, OCIC filed a petition for removal from state court. (*See* Docket No. 1). OCIC claimed that the instant case satisfied the requirements for diversity jurisdiction – that is, the parties are of diverse citizenship and that the amount in controversy exceeds $75,000. (*Id.* at ¶ 8). OCIC therefore claims that jurisdiction is proper under 28 U.S.C. § 1332 and that the instant action is properly removable under 28 U.S.C. §§ 1441 and 1446. (*Id.*).

The Radabaughs filed their response to OCIC's notice of removal on June 6, 2011. (Docket No. 5). They based their argument largely upon the Declaratory Judgment Act and

*Dairyland Insurance Company v. Warman*, Civ. No. 10-1476 (February 3, 2011). (Docket No. 5 at ¶ 4.b).

On June 7, 2011, this Court remanded the case to state court. (Docket No. 7). The Clerk's Office sent the remand letter with a certified copy of this Court's Order on June 8, 2011. (Docket No. 8). The instant motion was filed two days later, on June 10. (Docket No. 9).

**II.     Discusion**

At the outset, this Court does not have jurisdiction to hear OCIC's motion for reconsideration. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Specifically, the Court's Order was premised on 28 U.S.C. § 1447(c) and a certified copy had been sent to the state court before any motion was filed, so reconsideration is improper. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 226 (3d Cir. 1995). This motion is therefore moot due to this Court's inability to reconsider the remand order.

Moreover, to the extent that OCIC presumes this Court incorrectly relied upon *Dairyland* in remanding, (*see* Docket No. 9 at ¶ 4), the Court would make the following observations. A proper petition for removal must be filed within thirty days of a defendant's receipt of the complaint. 28 U.S.C. § 1446(b). This thirty day window may not be extended by the Court. *See, e.g.*, *Rosebud Holding, L.L.C. v. Burks*, 995 F.Supp. 465, 467 (D.N.J. 1998); *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 529 (E.D. Pa. 1982); *Maglio v. F. W. Woolworth Co.*, 542 F.Supp. 39, 40 (E.D. Pa. 1982). Proper removal under 28 U.S.C. § 1446(a) requires that a defendant seeking removal from state court include "a copy of all process, pleadings, and orders served upon such defendant … in such action."

Here, OCIC filed its petition for removal without any of the exhibits attached to the

original complaint served upon it. At no point in its petition for removal did OCIC allege that these exhibits were not served upon it. It therefore appears that OCIC has failed to file "a copy of all process, pleadings, and orders" served upon it in its May 27, 2011 filing. (*See* Docket No. 1). Further, because OCIC admits that the original complaint was filed on April 28, 2011, (*see* Docket No. 1), their proper petition for removal was, taking Memorial Day into account, due no later than May 31, 2011.

It is now well past the deadline for filing a petition for removal under 28 U.S.C. § 1446(b). OCIC has still not yet complied with the requirements of 28 U.S.C. § 1446(a). Because this Court may not extend the thirty day filing period under § 1446(b), remand of the case was proper in the first instance.

### III. Conclusion

For the foregoing reasons, this Court declines reconsideration of its Remand Order as requested in OCIC's motion. (Docket No. [9]). Because of limitations upon this Court's jurisdictional reach, and due to procedural flaws in OCIC's initial petition for removal, OCIC's Motion for Reconsideration [9] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

Date: June 28, 2011